tarily made. This question involves alleged coercion as well as a violation of the Fifth and Sixth Amendment rights due appellant under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The district court did not err in admitting the statements. The evidence as to claimed coercion is such as not to require a contrary ruling, and the Miranda claim is frivolous. There are no facts whatever to support appellant's contention that his Miranda rights were violated.

Affirmed.

ham, Deputy Atty. Gen., Sacramento, Cal., for respondents-appellees.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

PER CURIAM.

The order of the district court denying habeas corpus relief on the state conviction of Gonsalves is affirmed.

The case was pre-Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, but after Escobedo, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. We find that the facts do not run afoul of Escobedo.

Under all of the facts of the case, we conclude the search to which Gonsalves objects was proper.

**Abel GONSALVES, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, et al., Respondents-Appellees.**

No. 24190.

United States Court of Appeals, Ninth Circuit.

April 28, 1970.

**UNITED STATES of America, Appellee,**

v.

**Howard Ernest JAMES, Appellant.**

No. 14098.

United States Court of Appeals, Fourth Circuit.

May 14, 1970.

Abel Gonsalves, in pro. per.

Thomas C. Lynch, Atty. Gen., Doris Maier, Asst. Atty. Gen., David Cunning-

